Bissell, P. J.
The court is considerably embarrassed by the paucity of the record, the absence of an argument for the appellee and the very scanty brief which the appellant has furnished. We have examined the text books and what authorities the appellant cited, and have reached a conclusion about the merits of this controversy. We refer to the matter in this way because this is a very novel action and probably the first that has ever been brought in the state, and certainly the first which » has ever reached an appellate court. The reports of the country are likewise somewhat barren of precedents, and as a rule the books contain no forms for bringing an action of this sort. Continuing, however, we will state that this is a suit brought by a creditor against an executor de son tort. It is an ancient action, was long in vogue and somewhat resorted to in the early days before the probate system was thoroughly established, and in the older reports and text books we are able to find some precedents. Save where the matter is corrected by statute the law seems to be in force pretty generally in this country. A good many questions might arise in this case, but whether they will or not we do not know, and we do not care to decide them in advance. We can only suggest that there is a very wide difference between the responsibility of one who intermeddles with the goods of a decedent after an executor has been lawfully appointed, and one who intermeddles prior to an appointment. There also seems to be some distinction between those eases where the creditor *441 brings a suit against an executor de son tort, and it appears that at a time prior to the bringing of the action a lawful administrator had been appointed to whom the right of action might under some circumstances accrue. The responsibility of such an executor is somewhat dependent on the defense which he puts in. These suggestions are simply thrown out in order to show the difficulties under which the court labored in trying to reach a conclusion about this judgment. The complaint was very inartificial; it was not well drafted, it lacked a good many allegations that would make the pleading complete as a plea, and yet we are able to see in it the statement of a cause of action. The books all say that the suit is to be brought against the intermeddler precisely as though he had been lawfully appointed. He is simply charged in the complaint with taking the goods of the deceased, and failing to apply them to the settlement of the estate and the payment of debts. The whole theory is that there was a will in which he was presumably named, but that he had failed to probate it. This fiction seems long since to have been lost sight of, and under the practice as it now prevails the creditor of the decedent brings his action against the executor, alleges his intermeddling without a lawful appointment and the possession of the goods of the deceased, states his cause of action and prays judgment. All of this the plaintiff did here, except that he only said that the defendant was an executor de son tort of the estate of Cutter, deceased; alleged Cutter’s death, and that as executor the defendant took charge without authority of the property of Cutter, which consisted of a large sum of money, house and lot, and personal property. Of course he does not allege the amount of money nor the amount of personal property which he ought to have done in so far as he could. The plaintiff then proceeds to state that Cutter employed him to take care of him, he being an invalid, at an agreed compensation of $800; that he died without paying him. He also avers a demand on Wightman for pay and a refusal. We are quite unable to see why this does not state a cause of action against an executor who is such by his *442 own wrongful acts. The complaint was demurred to for want of facts sufficient to state a cause of action and also for want of jurisdiction. We are quite clear the complaint stated a cause of action and we know of no statute which bars the remedy of the procedure. We have been referred to none by the appellee, nor in a cursory examination of the statute have we been able to find any. We shall therefore assume in the absence of enlightenment that the action will lie because It is supported by eminent authority: Williams on Executors, vol. 1, chap. 5; Schouler’s Executors & Administrators,* § 187, et seq. We are unable to find any good reason on which the judgment can be supported and it will therefore he reversed and the case sent back for further proceedings not inconsistent with this opinion.

Reversed.